IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| ROBERT S. RUTHERFORD, <br> ADC #178056 <br><br> Plaintiff, <br> v. <br><br> WALTER WASHINGTON, <br> Lieutenant, Varner Super Max, ADC, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> *   No. 4:23-cv-00094-JJV <br> * <br> * <br> * <br> * <br> * |

## **MEMORANDUM AND ORDER**[1]

**I.  DISCUSSION**

Robert S. Rutherford ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction. He has filed a *pro se* Complaint and an Amended Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Docs. 2, 5.) I will construe Plaintiff's Complaint and Amended Complaint together. **However, I will not do so again.** As I advised Plaintiff in the February 13, 2023 Order, **in the future, an amended complaint will render all prior complaints without any legal effect.** (Doc. 3.) **That means only the defendants named and allegations raised in the last filed version of the complaint will be considered.**

That matter aside, Plaintiff says in December 2022, Defendant Lieutenant Walter Washington violated his constitutional rights by using excessive force against him while he was handcuffed and taking his personal property. (Docs. 2, 5.) I conclude, for screening purposes

---

[1] I previously entered a Partial Recommended Disposition screening the Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 7.) But before it was acted on, the parties consented to my jurisdiction. (Doc. 15.) Thus, the Partial Recommended Disposition is withdrawn, and this Memorandum and Order is entered in its place.

only, Plaintiff has pled a plausible excessive force claim against Defendant Washington.² And he has already filed an Answer. (Doc. 9.)

In contrast, it is well settled a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Under Arkansas law, Plaintiff can seek reimbursement from the Arkansas Claims Commission for his personal property that was allegedly taken by Lieutenant Washington. *See Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion); *McClinton v. Ark. Dept. Corr.,* Case No. 05-2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006). Because he has that adequate post-deprivation remedy available to him under Arkansas law, Plaintiff has not pled a viable due process claim.

## II.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The March 6, 2023 Partial Recommended Disposition (Doc. 7) is withdrawn.

2. Plaintiff may proceed with his excessive force claim against Defendant Washington.

3. Plaintiff's due process property claim against Defendant Washington is DISMISSED without prejudice.

---

² The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    4.    It is certified pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

    Dated this 20th April 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE